UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**FLOYD JAMESON,**

    **Plaintiff,**

v.                                     Case No. 24-CV-0405-RAW-DES

**GREG STIDHIM, et al.,**

    **Defendants.**

## OPINION AND ORDER

Plaintiff Floyd Jameson, a state prisoner appearing pro se and proceeding *in forma pauperis*, brought this action under 42 U.S.C. § 1983 on October 23, 2024. Dkt. No. 1. In an Opinion and Order issued November 12, 2024, the Court screened Jameson's complaint under 28 U.S.C. § 1915A and directed Jameson to file an amended complaint curing the deficiencies in his original pleading. Dkt. No. 5. Pursuant to the Court's Order, Jameson submitted an amended complaint on December 11, 2024. Dkt. No. 7. For the following reasons, the Court dismisses the amended complaint without prejudice.

Because Jameson is a prisoner proceeding *in forma pauperis*, the Court must review his amended complaint and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e), 1915A. In determining whether dismissal is appropriate, the Court must "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB TV, LLC*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). While the Court must liberally construe a complaint drafted by a self-represented plaintiff, the rule of liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on

which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Jameson brings two claims for relief. First, he contends that, "after being sentenced previously to two or more felonies, [he] was given a split sentence." Dkt. No. 7, at 5. Second, he alleges that he was "denied access to a law library to argue [the] previously mentioned case." *Id.* Jameson seeks "[c]ommutation from [his] sentence, and monetary relief for time already done on said sentence." *Id.* at 6. To the extent Jameson seeks "immediate or speedier release from confinement," a civil rights action under 42 U.S.C. § 1983 is not the correct vehicle to present his claims in federal court. *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Rather, to challenge the fact or duration of his confinement, Jameson must present his claims in a petition for writ of habeas corpus. *See id.* ("Because a prisoner's claim necessarily challenges the fact or duration of confinement when the remedy sought is the immediate or speedier release from confinement, such a claim must be brought under habeas."); *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) ("[A] § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement' and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement." (internal citations omitted)); *see also* Dkt. No. 5, at 4 (initial screening order dismissing Jameson's claim concerning split sentences).

Further, because Jameson's request for monetary relief is unrelated to any cognizable claim under § 1983, the requested relief is likewise improper. And while a prisoner's lack of access to a prison's law library may raise a right to relief under § 1983 if the prisoner demonstrates that he was "hindered [in] his efforts to pursue a legal claim," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), Jameson's claim, which is comprised of only one sentence, is wholly conclusory and is therefore "insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110 (noting that,

although pro se pleadings are liberally construed, conclusory allegations will not suffice); *see* Dkt. No. 7, at 5.

**IT IS THEREFORE ORDERED** that Jameson's amended complaint [Dkt. No. 7] is dismissed without prejudice, under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e). A separate judgment of dismissal shall be entered herewith.

**DATED** this 27th day of December, 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE